# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| Keith D. Nelson, | ) |
| Movant, | ) |
| vs. | ) No. 04-8005-CV-W-FJG |
| | ) Crim. No. 99-0303-01-CR-W-FJG |
| United States of America, | ) |
| Respondent. | ) |

## ORDER

Movant entered a guilty plea on October 25, 2001, and was sentenced to death on March 11, 2002. He timely filed an appeal to the Eighth Circuit Court of Appeals who subsequently issued an opinion and mandate (Doc. #475) affirming the judgement of the District Court.

Now pending before this Court is movant's motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence (Doc. #25), filed November 6, 2005, and motion to disqualify and recuse judge (Doc. #53), filed August 21, 2006. The Court finds that it has jurisdiction over this matter.

Movant's motion pursuant to 28 U.S.C. § 2255 (Doc. #25) to vacate the conviction and sentence imposed is hereby denied for the following reasons.

The reasons movant alleges are not meritorious and not supported by the record. The claims of ineffective assistance of trial and appellate counsel fall within the broad perimeters of trial strategy. Lockhart v. Fretwell, 506 U.S. 364 (1993). Movant's decision not to make himself available for examination by the government's mental health experts precluded the use of his mental health experts. That was a decision movant made with knowledge of the consequences. The record is clear on that point and set forth in this Court's order (Doc. #403), filed November 19, 2001. While the government has requested that movant's trial and appellate counsel submit affidavits or to a hearing to further explain their reasons for this strategy, this Court finds no further record is necessary. In all of the other respects, the Court finds the government's legal

analysis provided in opposition to the movant's motion pursuant to 28 U.S.C. § 2255 (Doc. #39) to be a thorough and accurate analysis of movant's argument and adopts it by reference hereto.

Further, the movant's motion to disqualify and recuse (Doc. #53) is hereby denied. The government's response to that motion (Doc. #56) succinctly states this Court's position. The Court adopts the government's legal analysis as its own and incorporates same by reference hereto. Since the movant was unable to raise legally sufficient arguments in this 28 U.S.C. § 2255 motion (Doc. #25), by this recusal argument he seeks an end-run to get a new trial in this matter.

Movant received a fair trial. He had the benefit of trial and appellate counsel, skilled in representing persons charged with capital offenses. I know of no trial which is error free however, there were no errors in movant's trial requiring a reversal or resentence.

## JUDGMENT

Upon review of movant's 28 U.S.C. § 2255 motion (Doc. # 25) and the government's response (Doc. #39), the Court hereby denies movant's request to vacate, set aside or correct the sentence herein. The Court also denies movant's motion to disqualify (Doc. #53). This Court believes that the arguments set forth by the respondent (Docs. #39, #56) present a thorough legal and factual analysis and adopts respondent's analysis and conclusions as its own by reference hereto.

For the aforesaid reasons movant's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. #25), filed November 6, 2005, and motion to disqualify (Doc. #53), filed August 21, 2006, are denied.

The Court further finds that the issues presented by movant are resolvable by the record and, therefore, no evidentiary hearing will be granted.

/s/Fernando J. Gaitan, Jr.
Fernando J. Gaitan, Jr.
United States District Judge

Dated: November 21, 2006
Kansas City, Missouri