# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 99-00303-01-CR-W-2 |
| | ) |
| KEITH DWAYNE NELSON, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Currently pending before the Court is defendant's Motion to Correct Judgment (Doc. # 482).

Counsel for defendant states that it has recently come to their attention that the judgment entered in 2002 incorrectly listed defendant's offense as "Kidnapping of a Minor for the Purpose of Sexual Abuse Which Resulted in Death of the Victim." Defendant states that the judgment should have read: "Kidnapping Resulting in Death Where the Victim was Transported across State Lines." Defendant's counsel states that the references to "sexual abuse" and that the victim was a "minor" do not accurately state the crime of conviction. Defendant states that Fed.R.Crim.P. 36 allows for the amendment of a judgment at any time in order to "correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Defendant states that amending the judgment as requested will have no effect on the sentence of death imposed by the Court and will also not impact the pending 28 U.S.C. § 2255 motion. The Government indicates no opposition to the motion.

The Court has reviewed the Indictment that was filed in this case (Doc. # 5) and in Count One the indictment charges that "Keith Dwayne Nelson, the defendant herein,

willfully, knowingly, and unlawfully did transport in interstate commerce to Grain Valley in the Western District of Missouri, from Wyandotte County, Kansas, Pamela Butler, victim, a female child of ten years of age, who had theretofore been unlawfully seized, kidnapped, abducted, confined, carried away, and held by the said Keith Dwayne Nelson for the purpose of sexual abuse of the victim and otherwise, the actions of Keith Dwayne Nelson resulting in the death of the victim Pamela Butler. All in violation of Title 18, United States Code, Sections 1201(a)(1) and (g), and Section 3559(d)." The Judgment which was entered in this case on March 12, 2002 states that the defendant has been adjudicated as guilty of Count 1: "Kidnapping of a Minor for the Purpose of Sexual Abuse Which Resulted in the Death of the Victim." Thus, the Judgment mirrors the language which is contained in the Indictment.

In the Motion to Correct the Judgment, defendant simply states that the judgment should read "Kidnapping Result in Death Where Victim was Transported Across State Lines" and states that the references to "sexual abuse" and that the victim was a "minor" should be removed. Defendant cites to Fed.R.Crim.P. 36 which provides that a judgment may be amended in order to correct a clerical error. However, defendant never elaborates on what the clerical error is or why the Judgment does not accurately state the crime that Nelson was convicted of. Courts have found that:

> [a]n indictment adequately states an offense if: it contains all of the
> essential elements of the offense charged, fairly informs the defendant of
> the charges against which he must defend, and alleges sufficient
> information to allow a defendant to plead a conviction or acquittal as a bar
> to a subsequent prosecution. An indictment will ordinarily be held
> sufficient unless it is so defective that it cannot be said, by any reasonable
> construction, to charge the offense for which the defendant was convicted.

U.S. v. Hayes, 574 F.3d 460, 472 (8th Cir.2009), (quoting United States v. Sewell, 513 F.3d 820, 821 (8thCir.), cert. denied,553 U.S. 1066 (2008)). Counsel did not cite and the Court was unable to find any caselaw stating that an indictment or judgment may only

2

contain language from the statute and cannot include any additional factual information related to the crime or the victim. In this case, the judgment accurately reflects that language of the indictment. The Court finds that the indictment correctly states the offense which Nelson was charged with. Accordingly, the Court hereby **DENIES** the Motion to Correct Judgment (Doc. # 482).


Date: December 20, 2012  **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri  Fernando J. Gaitan, Jr.
Chief United States District Judge